UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY-ELIZA SCHMIDT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MOSS LANDING POWER COMPANY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02475-SK<br><br>**ORDER RESERVING RULING ON MOTION TO SEAL**<br><br>Regarding Docket No. 2 |

　　　Now before the Court is the motion to seal an entire exhibit attached to the notice of removal. Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 and n. 7 (1978). Thus. "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). As recognized by the Civil Local Rules, "[a] party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." N.D. Civ. L.R. 79-5(a).

　　　In Defendants' motion to seal, they seek to seal an entire lengthy agreement, instead of merely seeking to seal only the confidential terms within the agreement. Therefore, Defendants'

1 motion is overbroad.  The Court HEREBY RESERVES RULING on Defendants' motion to seal.
2 By no later than March 18, 2025, Defendants shall file an amended declaration with the agreement
3 attached narrowly seeking to file under seal only those portions that reveal confidential aspects of
4 the agreement.  If Defendants fail to file the declaration by March 18, 2025, the Court will deny
5 the motion to seal in full.

**IT IS SO ORDERED**.

Dated: March 13, 2025



SALLIE KIM
United States Magistrate Judge